IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NORTHERN NATURAL GAS COMPANY,

    Plaintiff,

vs.                                      Case No. 04-1295-JTM

NASH OIL & GAS, INC.,

    Defendant.

MEMORANDUM AND ORDER

The present matter arises from defendant's motion for attorney's fees (Dkt. No. 139); defendant's motion to strike (Dkt. No. 151); and plaintiff's motion to stay and alternative response to defendant's motion for attorney's fees and its motion to permit discovery (Dkt. No. 160). For the following reasons, the court denies defendant's motion for attorney's fees; grants defendant's motion to strike; and denies plaintiff's motion to stay.

On March 27, 2007, the court granted defendant's motion for summary judgment on the bases of the statute of limitations and collateral estoppel.

Defendant now argues that attorney's fees under K.S.A. § 55-1210 are appropriate because it is a prevailing party under K.S.A. § 55-1210(c)(3).

K.S.A. § 55-1210(c)(3) states: "[T]he owner of the stratum and the owner of the surface . . . shall be entitled to recovery of all costs and expenses, including reasonable attorney fees, if litigation

is necessary to enforce any rights under this subsection (c) and the injector does not prevail." Defendant further cites that subsection (c) provides an injector with the right to conduct tests on certain wells allegedly producing storage gas and possibly to recover such gas from certain third-party producers if the injector can sufficiently prove that such gas was initially storage gas. As defendant further notes, it has contended throughout the current litigation that the rights and remedies found in subsection (c) are specifically limited to gas produced on surface property "adjoining" the gas storage facility or a stratum which has not been condemned for use as a storage facility. Therefore, defendant has argued that its wells are outside the scope of K.S.A. § 55-1210 and any production is governed by the rule of capture.

Specifically, in the court's May 16, 2005 order which granted defendant's motion to dismiss, the court found that defendant's wells were not "adjoining property" to the Cunningham Facility. Therefore, the court determined that § 55-1210 did not apply and Northern did not have rights as an injector under § 55-1210 to injunctive relief. Specifically, this court noted "since Count III, though labeled K.S.A. § 55-1210, only specified injunctive relief, the court finds it appropriate to dismiss the whole of Count III based on the court's interpretation of 'adjoining property.'" Dkt. No. 37. Defendant, in its first motion to dismiss, on November 8, 2004, noted:

> By the very wording of the statute, then, the statute is only applicable to natural gas that has migrated to an adjoining property or stratum…The well in this case is approximately 4.5 miles from the storage field boundary, and is not on land that is contiguous to or touch the land over Plaintiff's storage field…Therefore, K.S.A. §55-1210(c) is not applicable to this action and Plaintiff's claim should be dismissed.

Dkt. No. 14, at pp. 3-4.

Thereafter, on March 27, 2007, this court granted defendant's motion for summary judgment

against Northern.  The court found that plaintiff's claims were barred by the statute of limitations as well as the rules of collateral estoppel.  Therefore, relief under K.S.A. § 55-1210 for attorney's fees is inappropriate as defendant did not prevail under that statute.  For this reason, the court denies defendant's motion for attorney's fees.  Additionally, with respect to the motion for attorney's fees, the court grants defendant's motion to strike attachments (Dkt. No. 151).

Finally, as a related matter, plaintiff requests that this court stay its consideration of defendant's fee motion.  The court herein has discussed defendant's motion for attorney's fees, which it has denied.  Thus, plaintiff's motion to stay its consideration of defendant's fee motion is denied.

IT IS ACCORDINGLY ORDERED this 9th day of July, 2007, that defendant's motion for attorney's fees (Dkt. No. 139) is denied; that defendant's motion to strike (Dkt. No. 151) is granted; and that plaintiff's motion to stay, and alternative response to defendant's motion for attorney's fees and its motion to permit discovery (Dkt. No. 160) is denied.

                                                                   s/ J. Thomas Marten
                                                                   J. THOMAS MARTEN, JUDGE